JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. ED CV 16-1262-DOC (GJSx) | Date: August 23, 2016 |

Title: THE BANK OF NEW YORK MELLON V. RUBEN A. OROPEZA, ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REMAND CASE TO SAN BERNARDINO SUPERIOR COURT [7]**

On June 14, 2016, Defendant Ruben A. Oropeza ("Defendant") removed this case from San Bernardino Superior Court. Notice of Removal (Dkt. 1). In his Notice of Removal, Defendant argues: "Plaintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. §5201." Notice of Removal at 2. Defendant further contends that Plaintiff violated the Protecting Tenants at Foreclosure Act ("PTFA") by filing a state eviction proceeding before allowing 90 days to elapse. Notice of Removal at 2–3.

On July 26, 2016, the Bank of New York Mellon ("Plaintiff") filed a Motion to Remand Case to San Bernardino Superior Court (Dkt. 7) ("Motion") arguing this Court lacked subject matter jurisdiction. Defendant has not opposed the Motion. The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. The Court **GRANTS** the Motion **IN PART**.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1262-DOC (GJSx)                                            Date: August 23, 2016
                                                                                                                          Page 2

## I. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

A defendant may generally remove a civil action from a state court to a federal court "embracing the place where such action is pending" if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed by a defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996); *Wis. Dept. of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998).

## II. Analysis

### A. Motion to Remand

The Court has reviewed the Defendant's Notice of Removal and the underlying Complaint and finds the Court lacks subject matter jurisdiction in this case. "The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist." *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). This is an unlawful detainer action. *See generally* Notice of Removal Ex. A ("Complaint" or "Compl."). The Complaint only asserts a claim for unlawful detainer, "a cause of action that is purely a matter of state law," *Galileo*, 2009 WL 3157411, at *2, and there is no federal statute or case law cited in the Complaint. "Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists." *Id.*; *see also IndyMac Fed. Bank, F.S.B. v. Ocampo,* No. 09–2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 16-1262-DOC (GJSx) | Date: August 23, 2016 |
| | Page 3 |

action *sua sponte* to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

The existence of a federal defense – by itself – does not raise a federal question. *Caterpillar Inc*, 482 U.S. at 393. Therefore, any defense Defendant may assert under the PTFA is an insufficient basis to invoke federal question jurisdiction under 28 U.S.C. § 1331, and cannot support removal of this action. Defendant has not asserted either diversity or admiralty jurisdiction is applicable here, nor does the Court believe either is applicable. Therefore, the Court finds that it lacks subject matter jurisdiction.

**B.     Request for Attorneys' Fees**

Plaintiff has requested is attorneys' fees. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The test is whether the asserted grounds for removal were "objectively reasonable." See Patel v. Del Taco, Inc., 446 F.3d 996, 998–99 (9th Cir. 2006). The Court here, in its discretion, declines to grant fees. The Court cautions the Defendant that further attempts to remove the action may result in monetary sanctions.

**III.     Disposition**

For the foregoing reasons, the Court hereby **GRANTS IN PART** Plaintiff's Motion and **REMANDS** this action to the Superior Court of California, County of San Bernardino, Fontana Courthouse, Case No. UDFS1500644.

The hearing set for August 29, 2016 at 8:30 a.m. is **VACATED**.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djg |